IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHARON V. HARDEN,  )
    Plaintiff,  )
       )
    v.  )    Civil Action No. 3:16cv668 (MHL)
       )
RESIDENTIAL CREDIT  )
SOLUTIONS, INC., *et al.*  )
    Defendants.  )
_____)

## REPORT AND RECOMMENDATION

Sharon V. Harden ("Plaintiff") brings this action against Residential Credit Solutions, Inc. ("RCS"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), alleging violations of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681 *et seq.*). This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on RCS's Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (ECF No. 6). (Order, ECF No. 23.) The motion has been fully briefed, and the matter is ripe for review. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process at this stage. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court RECOMMENDS that the Motion to Dismiss be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Summary of Relevant Allegations in the Complaint

Prior to the events at issue in this Complaint, Plaintiff opened a mortgage account with RCS. In early 2016, Plaintiff obtained a credit report that included reporting from Equifax and Experian. (Compl. ¶ 7.) Both Equifax's and Experian's records showed Plaintiff's RCS mortgage account and showed a balance on that account of $149,280 and a delinquency of $11,427. (*Id.* ¶ 8.) Plaintiff

maintains that this information was false because, in 2012, RCS "had foreclosed on [Plaintiff's] property and received most, if not all, of the entire balance of the loan through the foreclosure process." (*Id.* ¶ 9.)

On June 7, 2016, Plaintiff mailed dispute letters to Equifax and Experian, with a copy sent to RCS, in which she "explained that [RCS] was inaccurately reporting the mortgage account in her credit files, which did not have an outstanding balance of $149,280 or delinquency of $11,427 as a result of [RCS] receiving most, if not all, of the balance owed on the account" from the foreclosure sale. (*Id.* ¶ 10.) Plaintiff "enclosed a copy of the trustee's deed from the foreclosure sale and of the report of the Commissioner of Accounts of Henrico Circuit Court," the latter of which contained a "Foreclosure Final Accounting" reflecting that a credit of $149,670.66 had been applied towards Plaintiff's mortgage account balance following the foreclosure sale. (*Id.*)

Upon receiving Plaintiff's consumer dispute, Equifax and Experian translated the disputes into Automated Credit Dispute Verification ("ACDV") forms, which were then forwarded to RCS for investigation and/or verification. (*Id.* ¶¶ 48–49, 52.) After conducting a review of its internal credit reporting system, RCS reported back that the disputed information—namely, the $149,280 balance and $11,427 delinquency—was correct. (*Id.* ¶ 55.) On or around June 23 and 24, 2016, Plaintiff received Equifax and Experian's dispute investigation results, which indicated that the RCS mortgage account was reporting correctly. (*Id.* ¶¶ 11–12.) Plaintiff asserts that, rather than using the information contained in the ACDV forms to verify the balance of the mortgage account, RCS simply "regurgitated" back the inaccurate reporting. (*Id.* ¶ 55.) Plaintiff additionally asserts that, at the same time RCS was reporting to Equifax and Experian that the balance of Plaintiff's account was $149,280 and that the account was $11,427 delinquent, RCS was (and still is) furnishing reporting to Trans Union, LLC ("Trans Union") showing that the outstanding balance on the mortgage account is $0. (*Id.* ¶ 16.)

Plaintiff alleges that, as a proximate result of RCS's actions, Plaintiff "suffered actual damages, including but not limited to: loss of credit, lost opportunities to enter into consumer credit transactions, damage to reputation, embarrassment, humiliation, and other mental and emotional distress." (*Id.* ¶ 57.) Particularly, Plaintiff alleges that the inaccurate reporting resulted in her inability to obtain a mortgage loan from Village Bank Mortgage ("VBM"), because when VBM obtained her credit report, the report "indicated that the [RCS] account has an outstanding balance of $149,280 and a delinquency of $11,427." (*Id.* ¶¶ 17, 19.)

## B. Relevant Procedural History

Plaintiff filed her Complaint on August 10, 2016. As pertinent here, Plaintiff alleges that: (1) RCS failed to fully and properly investigate Plaintiff's disputes, in violation of 15 U.S.C. § 1681s-2(b)(1)(A) (Count Six); (2) RCS failed to review all relevant information provided to RCS by Equifax and Experian, in violation of 15 U.S.C. § 1681s-2(b)(1)(B)[1] (Count Seven); and (3) RCS published its representations to Equifax and Experian without including a notation that the balance and delinquency shown were disputed, and failed to "correctly report the results of an accurate investigation to each credit reporting agency and to permanently and lawfully correct its own internal records to prevent the re-reporting of inaccurate reporting," in violation of 15 U.S.C. § 1681s-2(b)(1)(C), (D), and (E)[2] (Count Eight). (Compl. ¶¶ 46, 67, 77.)

On September 15, 2016, RCS filed the instant Motion to Dismiss, seeking dismissal under Federal Rule 12(b)(6) on the ground that Plaintiff has failed to state a claim against RCS in any of Counts Six, Seven, and Eight. Plaintiff filed her Memorandum in Opposition to the Motion the Dismiss on September 29, 2016. (ECF No. 10.) RCS filed a Motion for Extension of Time to File

---

[1] The heading of Count Seven describes § 1681s-2(b)(1)(A) again, but the underlying pleadings refer and relate to a violation of § 1681s-2(b)(1)(B).

[2] The heading of Count Eight describes § 1681s-2(b)(1)(C), (D), and (E), but Plaintiff does not explicitly allege a violation of subpart (E) in a numbered paragraph. That being said, the facts alleged below the Count Eight heading relate to the elements of subpart (E), and so the Court will interpret Count Eight in keeping with its heading.

3

Reply on October 5, 2016, which Judge Lauck granted the following day. (ECF Nos. 11, 12.) On October 20, 2016, RCS filed its Reply to Plaintiff's Response to the Motion to Dismiss. (ECF No. 16.) On April 18, 2017, Judge Lauck referred RCS's Motion to Dismiss to the undersigned for Report and Recommendation. (ECF No. 22.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Dismissals under Rule 12(b)(6) are generally disfavored by the courts because of their *res judicata* effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). The Federal Rules of Civil Procedure only require that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "*detailed* factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (emphasis added). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

## III. DISCUSSION

RCS argues that Plaintiff has failed to state a claim in any of Counts Six, Seven, and Eight, and seeks dismissal of these counts under Federal Rule of Civil Procedure 12(b)(6). RCS also argues that Plaintiff has failed to allege facts to support a finding that RCS willfully or negligently

violated the FCRA. The Court will address each count in turn and then address whether Plaintiff has stated claims for either willful or negligent violations of the FCRA, or both.

## A. Count Six: Violation of 15 U.S.C. § 1681s-2(b)(1)(A)

To state a claim under section 1681s-2(b)(1)(A), Plaintiff must plead facts that, if taken as true, show that RCS failed to conduct a reasonable investigation of her dispute. *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004). RCS argues that Plaintiff has not sufficiently alleged what was incorrect in her credit report, and further that the Complaint merely makes "conclusory, boilerplate and vague allegations"—rather than substantive factual allegations—regarding RCS's investigation. (Mem. Supp. Mot. Dismiss at 4–5.) The Court disagrees.

To begin with, Plaintiff has sufficiently alleged what information was incorrect in her credit report: the balance and delinquency information for Plaintiff's old RCS mortgage account. (Compl. ¶¶ 8–9.) RCS argues that Plaintiff's allegations are insufficient because Plaintiff "makes no allegation as to the balance due, and the delinquency, on the date of the foreclosure sale[,]" and because Plaintiff "conveniently omits whether the loan is reported as foreclosed, and she omits the 'date of the account information' reported." (Mem. Supp. Mot. Dismiss at 5.) RCS forgets, however, that "detailed factual allegations" are not required at this stage. *See Twombly*, 550 U.S. at 555. Contrary to RCS's assertion that, to state a claim, "Plaintiff must *establish* that the disputed information was inaccurate or incomplete," Def. Reply, ECF No. 16, at 3, Plaintiff must instead simply state facts sufficient to raise "above the speculative level" her claim that the disputed information was inaccurate or incomplete. *See Twombly*, 550 U.S. at 555. RCS's arguments otherwise are more properly resolved at the summary judgment stage of litigation. Perhaps more importantly, RCS overlooks the fact that liability can attach under section 1681s-2(b)(1) when information in a credit report is technically accurate but nevertheless misleading in the manner presented. *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008) (citing

5

cases). For present purposes, then, Plaintiff has pled facts sufficient to put RCS on notice of Plaintiff's claim and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555.

As to RCS's investigation, Plaintiff has alleged that Equifax and Experian forwarded her disputes to RCS, and that RCS understood the nature of her disputes when it received them via the ACDV system. (Compl. ¶¶ 52–53.) Plaintiff further alleges that, rather than reviewing its systems to verify the balance of Plaintiff's closed mortgage account, RCS simply "regurgitated back to the ACDV system [and thus to Equifax and Experian] the inaccurate balance and arrearage reporting." (Compl. ¶¶ 54–55.) The Court finds that these are factual, not conclusory, allegations, and that, "[d]rawing all reasonable inferences in [Plaintiff]'s favor, this paragraph may be read as establishing that the inaccurate information was never rectified, and is therefore sufficient to allege that [RCS] failed to properly investigate the dispute." *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 928 (N.D. Ill. 2000). Accordingly, the Court finds that Plaintiff has alleged sufficient facts to state a claim under 15 U.S.C. § 1681s-2(b)(1)(A).

**B. Count Seven: Violation of 15 U.S.C. § 1681s-2(b)(1)(B)**

To state a claim under section 1681s-2(b)(1)(B) of the FCRA, Plaintiff must set forth facts that could support a finding that RCS failed to review all relevant information provided to it by Experian and Equifax in conjunction with Plaintiff's dispute. 15 U.S.C. § 1681s-2(b)(1)(B). Again, RCS argues that Plaintiff has failed to put forward any substantive, factual allegations regarding RCS's investigation. (Mem. Supp. Mot. Dismiss at 6.) More specifically, RCS argues that Plaintiff failed to allege just what information was provided to RCS by Equifax and Experian that she faults RCS for not reviewing. (*Id.*) Once again, the Court disagrees.

Plaintiff alleges that RCS has elected to use the e-Oscar system for receiving and processing FCRA disputes received from credit reporting agencies ("CRAs"). (Compl. ¶ 68.) Plaintiff further alleges that, because RCS uses this system, RCS is "aware of the meaning of the several dispute

codes used by the CRAs in e-Oscar." (Compl. ¶ 69.) Therefore, Plaintiff maintains, RCS understood Plaintiff's disputes (conveyed by the relevant dispute codes on the ACDV forms) "regarding the inaccuracy of the balance and arrearage reporting on her credit report." (Compl. ¶ 71.) Despite this, RCS "ignored such information and instead simply regurgitated the same information it had previously reported to Equifax and Experian." (Compl. ¶ 72.) The Court finds that these facts, taken as true, state a plausible claim that RCS failed to review the specific disputes put forward by Plaintiff and subsequently provided by Equifax and Experian via the e-Oscar system and, as a consequence, RCS failed to review the balance and arrearage information specifically implicated by those disputes. Plaintiff has therefore stated a claim under 15 U.S.C. § 1681s-2(b)(1)(B).

### C. Count Eight: Violation of 15 U.S.C. §§ 1681s-2(b)(1)(C), (D), and (E)

Finally, to state a claim under sections 1681s-2(b)(1)(C), (D), and (E) of the FCRA, Plaintiff must set forth facts that, if taken as true, could support a finding that RCS failed to report the results of an accurate investigation to Equifax and Experian and to any other credit reporting agency to which it furnishes information about Plaintiff, and that RCS further failed to modify, delete, or permanently block the reporting of any incorrect information in Plaintiff's mortgage account record. 15 U.S.C. §§ 1681s-2(b)(1)(C)–(E). RCS contends, once again, that Plaintiff has failed to specifically allege an inaccuracy in its reporting, and so Plaintiff cannot state a claim that RCS failed to update or correct its reporting and records. (Mem. Supp. Mot. Dismiss at 8.)

As discussed above, the Court finds that Plaintiff has sufficiently alleged facts regarding RCS's inaccurate reporting. *See infra* Part III-A. Moreover, in Count Eight of the Complaint, Plaintiff asserts that RCS failed to report the results of an accurate investigation "by publishing its representations within [Plaintiff's] credit files with Equifax and Experian without also including a

notation that these debts were disputed . . . ." (Compl. ¶ 77.) Plaintiff had mailed RCS an independent copy of her dispute when she mailed the disputes to Equifax and Experian. (*Id.* ¶ 10.)

On top of its blanket argument that Plaintiff has failed to specifically allege inaccuracy in its reporting, RCS further objects to Plaintiff's assertion that RCS's failure to mark Plaintiff's file as "disputed" constitutes grounds for recovery under the FCRA. Plaintiff's position is based on the Fourth Circuit case *Saunders v. Branch Banking & Trust Co.* RCS seeks to distinguish the present action from *Saunders*, arguing that "if the only notice of a dispute was the notice [Plaintiff sent] to Experian and Equifax, it would be unreasonable to require RCS to parrot back to Experian and Equifax that the account was disputed." (Mem. Supp. Mot. Dismiss at 8.) Based on this supposed unreasonableness, RCS argues that Plaintiff has not stated a plausible claim for recovery.

While the Court agrees that the facts in *Saunders* are not strictly analogous to those in the present case, the Court nevertheless finds that the Fourth Circuit's opinion offers some guidance on the issues before the Court. *Saunders* involved a plaintiff who disputed certain credit information directly and repeatedly with the defendant information-furnisher, BB&T. *See generally Saunders*, 526 F.3d 142. The Fourth Circuit reasoned that, in light of the plaintiff's attempts to dispute the credit information with BB&T directly, "BB&T's decision to report the debt without any mention of a dispute was misleading in such a way and to such an extent that it can be expected to have an adverse effect" on Plaintiff's credit and therefore constitute inaccurate reporting in the context of the FCRA. *Id.* at 150. Importantly, the Fourth Circuit also noted in *Saunders* that it did not "find persuasive [the] contention that a furnisher's reporting of an ongoing dispute of a debt is superfluous once a consumer has filed a dispute with a CRA." *Id.* In other words, the Fourth Circuit recognized that, even if a CRA is aware of a dispute on its own end, a dispute notation marked on a credit file furnished by a third party serves an independent purpose.

Although Plaintiff in this case did not dispute her credit information directly with RCS as tenaciously as the plaintiff in *Saunders* disputed his information with BB&T, Plaintiff did take the affirmative step of independently notifying RCS of her dispute: she mailed RCS the same dispute letter—and therefore the same arguments and supporting information—that she mailed to the CRAs. The language of *Saunders* suggests that, contrary to Defendant's argument that "it would be unreasonable to require RCS to parrot back to Experian and Equifax that the account was disputed," (Mem. Supp. Mot. Dismiss at 8), RCS's marking Plaintiff's account as "disputed" would not have been superfluous. *See Saunders*, 526 F.3d at 150. Accordingly, the Court finds that Plaintiff has stated a claim with regard to RCS's failure to mark her credit information as "disputed."

In the remainder of Count Eight, Plaintiff alleges that RCS "[f]ailed to update its reporting to Equifax and Experian as it updated its reporting to Trans Union," and further "[f]ailed to permanently and lawfully correct its own internal records to prevent re-reporting of the inaccurate balance and delinquency information for the mortgage account." (Compl. ¶ 78.) The Court finds that these allegations, coupled with the factual allegations contained elsewhere in the Complaint regarding, *inter alia*, the discrepancy between RCS's reporting to Equifax and Experian and its reporting to Trans Union, all of which is assumed to be true at this stage, sufficiently state a claim under sections 1681s-2(b)(1)(C)–(E) of the FCRA.

### D. Willful or Negligent Violation of the FCRA

Finally, RCS argues that its motion should be granted because the Complaint "fails to articulate particular facts to support a willful or negligent violation [of the FCRA]." (Mem. Supp. Mot. Dismiss 8–9.) The Court disagrees. Plaintiff sufficiently pleads a willful violation because she alleges that RCS "has not materially changed its FCRA investigation procedures despite learning of its failures in this matter and other similar matters." (Compl. ¶¶ 63, 86.) *See Jones v. Equifax, Inc.*, 2015 U.S. Dist. LEXIS 114106, *17 (E.D. Va. Aug. 27, 2015.) Plaintiff also

sufficiently pleads negligent violation in the alternative because, to state a claim for negligent violation of the FCRA, Plaintiff must merely allege (1) a violation and (2) actual damages stemming from such violation. *See Letren v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 17359, *9 (D. Md. Feb. 12, 2016). As discussed above, the Court has found that Plaintiff has sufficiently alleged a violation of the FCRA on all three counts disputed here. Moreover, Plaintiff has sufficiently alleged actual damages, including but not limited to her inability to obtain a home mortgage from VBM. (Compl. ¶¶ 17, 19.) *See Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 240 (4th Cir. 2009) (acknowledging actual damages in the form of lost opportunities in the home mortgage market).

Accordingly, because Plaintiff has alleged both willful violations and specific actual damages in conjunction with her plausibly stated FCRA claims, Plaintiff's allegations in the Complaint are sufficient to survive RCS's motion to dismiss.

## IV. CONCLUSION

In conclusion, for the reasons discussed above, the Court finds that Plaintiff has sufficiently alleged facts which, taken as true, state a plausible claim for relief in each of Counts Six, Seven, and Eight. Therefore, it is the recommendation of the Court that RCS's Motion to Dismiss (ECF No. 6) be DENIED in full.

Let the Clerk file this Report and Recommendation electronically, forward a copy to the Honorable M. Hannah Lauck, and notify all counsel of record accordingly.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you**

from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon the grounds of plain error.

/s/ _____
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: June 12, 2017